## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Shannon Miller,

                Plaintiff,

vs.

The Board of Regents of the
University of Minnesota,

                Defendant.

Case No.  15-CV-03740 (PJS/LIB)

**PLAINTIFF SHANNON MILLER'S MOTION IN LIMINE**

### INTRODUCTION

Plaintiff Shannon Miller submits this memorandum in support of her motion in limine, by which she seeks an order excluding all testimony from Jan Lowe.

### ARGUMENT

**I.**  **LEGAL STANDARD**

Expert testimony is governed by Federal Rule of Evidence 702. Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The district court has a gate-keeping obligation to make certain that all testimony admitted under Rule 702 satisfies these prerequisites and that "any and all testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The proponent of the expert testimony has the burden of establishing by a preponderance of the evidence that the expert is qualified, that his or her methodology is scientifically valid, and that "the reasoning or methodology in question is applied properly to the facts in issue." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757-58 (8th Cir. 2006).

## II.   JAN LOWE

UMD lists Jan Lowe as a potential witness. Lowe is a vocational rehabilitation counselor. [Lowe Expert Report, dated Feb. 1, 2017, attached to the Declaration of Sharon L. Van Dyck, dated Feb. 16, 2018 ("Van Dyck Decl.") as Ex. 1, at p. 2.] UMD expects Lowe will testify regarding Miller's "employability, her earning capacity, and the inadequacy of her employment search." [Defendant's Witness List, dated Feb. 9, 2018, attached to Van Dyck Decl. as Ex. 2, at p. 2.]

Lowe's testimony should be excluded on several grounds. First, although Lowe is qualified to testify regarding vocational rehabilitation issues, those issues are not relevant to any claim or defense at issue in this lawsuit. The only issues in this case are whether UMD discriminated against Miller when it decided not to renew her coaching contract, and whether that non-renewal decision was retaliation in contravention of Title IX. There is no allegation in this case that Miller is disabled or otherwise unqualified to work as a

coach. Vocational rehabilitation testimony would not be helpful to the jury because no vocational rehabilitation was necessary or took place.

Second, Lowe lacks critical information needed to provide a reliable or helpful opinion. Lowe has never examined or spoken with Miller.[1] Lowe herself admits that an examination of Miller is "an important component of [her] assessment of [Miller's vocational and rehabilitational state…" in part because it allows Lowe to assess Miller's "self-perception and self-description, abilities, interests, appearance, and demeanor." [ECF No. 45, ¶¶ 4-5.] Lowe stated that an interview with the individual being evaluated is "both a best practice and a common practice for a rehabilitation expert…" [*Id.* ¶ 7.] Because Lowe did not interview Miller, and because Lowe lacks critical information needed to adequately assess Miller's vocational and rehabilitational states, her testimony would lack reliability and should be excluded.

Third, Lowe's testimony would not be helpful to the jury. The jury will hear testimony and review evidence related to Miller's accomplishments at UMD and internationally, her compensation, compensation of other women's hockey coaches, and Miller's applications for various college and professional coaching opportunities. The jury will weigh that testimony and reach its own conclusion regarding Miller's employability, earning capacity, and the adequacy of her employment search. Lowe's expected testimony impermissibly usurps the role of the jury.

---

[1] Earlier in this case, UMD brought a motion seeking to compel Miller to submit to an interview with Lowe. Magistrate Judge Brisbois denied the University's request. [ECF No. 57 at 14-18.] In relevant part, the magistrate judge ruled that although vocational rehabilitation may be relevant in some cases, in this case Miller's physical or mental condition and its impact on her ability to work are not at issue. [*Id.* 15.] The Court has also excluded any evidence of Miller's physical or mental condition outside of "garden variety" emotional distress. [ECF No. 505 at ¶ 1.]

3

Finally, fourth, Lowe's testimony would be cumulative to the testimony of David Jones. Trial courts have "inherent authority and broad discretion to exclude cumulative expert testimony, if it is not done 'arbitrarily, or on the basis of mere numbers.'" *In re NHL Players' Concussion Injury Litig.*, No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 115164, at *6-7 (D. Minn. July 25, 2017) (*quoting Olsen v. Delcore*, No. 07-CV-334 TS, 2009 U.S. Dist. LEXIS 88298, at *1 (D. Utah Sept. 24, 2009) (*citing Nalder v. West Park Hosp.*, 254 F.3d 1168, 1173 (10th Cir. 2001)). In addition to the court's inherent authority, under Rule 403, "a Court may limit or exclude expert testimony which is cumulative." *Upsher-Smith Lab. v. Mylan Lab.*, 944 F. Supp. 1411, 1440 (D. Minn. 1996) (citations omitted). UMD expects Jones will testify regarding Miller's "economic and financial losses and damages" and rebut the testimony of Miller's expert, Arthur Cobb, who will testify regarding, among other subjects, Miller's job search and earning capacity. [Van Dyck Decl. Ex. 2.] Lowe's testimony on the same subjects is unnecessarily cumulative and should be excluded.

## CONCLUSION

The issues at trial are limited to whether Miller was discriminated against because of her sex in violation of Title VII and whether she was retaliated against in violation of Title IX. Testimony from a vocational rehabilitation expert is not relevant to either of these issues, and Lowe admits she did not interview Miller, which is a critical component of a vocational rehabilitation analysis. Her testimony should be excluded at trial.

|  |  |
|---|---|
|  | **FAFINSKI MARK & JOHNSON, P.A.** |
| Dated:  February 16, 2018 | s/ Sharon L. Van Dyck |
|  | Sharon L. Van Dyck, Reg. No. 0183799 |
|  | Donald Chance Mark, Jr., Reg. No. 0067659 |
|  | Andrew T. James, Reg. No. 0390982 |
|  | Flagship Corporate Center |
|  | 775 Prairie Center Drive, Suite 400 |
|  | Eden Prairie, MN 55344 |
|  | sharon.vandyck@fmjlaw.com |
|  | donald.mark@fmjlaw.com |
|  | andrew.james@fmjlaw.com |
|  | (952) 995-9500 |

– and –

Dan Siegel
Jane Brunner
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, CA 94612
dansiegel@siegelyee.com
janebrunner@siegelyee.com
(510) 839-1200

*Attorneys for Plaintiff Shannon Miller*